**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TYEASHIA M. BLACKBURN; and LEZLIE E. FREEMAN,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. CIV-23-379-R** |
| **KELLY WEBB; RENT KING, LLC,** | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendants Kelly Webb and Rent King, LLC's Motion to Dismiss [Doc. No. 16]. Plaintiffs filed a response in opposition [Doc. No. 20], and the matter is now at issue.[1] Upon consideration of the parties' filings and for the reasons set forth below, the Defendants' Motion is GRANTED.

Plaintiffs Blackburn and Freeman bring this action, appearing *pro se*, against Defendants alleging a violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (2018) ("FHA").[2] Plaintiffs filed an Amended Complaint [Doc. No. 10], which contained a limited recitation of facts underpinning their suit. Defendants move for dismissal of the case pursuant to FED. R. CIV. P. 12(b)(6). Alternatively, Defendants argue Plaintiffs' claims are

---

[1] Plaintiffs also filed a letter to the Court challenging the timeliness of Defendants' motion to which the Defendants responded [Doc. No. 21-22]. The Court finds that the Defendants' motion was timely, and the issue is now moot.

[2] Because Plaintiffs are *pro se* litigants, the Court affords their materials a liberal construction, but it does not act as their advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

precluded by a state court case between the parties. This Court finds that the allegations in the Amended Complaint are insufficient to state a claim.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To satisfy the plausibility standard of federal pleading, Plaintiffs must offer this Court reason to believe they have a reasonable likelihood of mustering factual support for their claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The facts provided by Plaintiffs at the pleading stage must "nudge their claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

Following Defendants' Motion to Dismiss, Plaintiffs filed an Objection [Doc. No. 20] with additional factual assertions, much of which cannot be considered by this Court in ruling on a Rule 12(b)(6) motion. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally, the sufficiency of a complaint must rest on its contents alone.").[3] In assessing the sufficiency of the Plaintiffs' allegations, this Court will only examine the

---

[3] Three limited exceptions apply: (1) documents incorporated by reference within the complaint, (2) documents referred to in the complaint that are central to the plaintiff's claim and whose authenticity is undisputed by the parties, and (3) matters of which a court may take judicial notice. *Id.* (internal citations omitted). If this Court were to rely on information outside these exceptions, it would have to convert the instant motion to a motion for summary judgment and provide proper notice to the parties. *Id.*

contents of the Amended Complaint[4] [Doc. No. 10] and the Journal Entry from the prior proceedings in state court case SC-22-5298 ("FED Action") [Doc. No. 16, Ex. 2].[5]

Applying a liberal construction to Plaintiffs' pleadings, it appears they allege Defendants racially discriminated against them in violation of either § 3604(a) or § 3604(b) of the FHA. Plaintiffs must show four elements to establish a prima facie case of racial discrimination relating to the inspection of, negotiation for, or rental of a dwelling under section 3604(a) of the FHA. *See Asbury v. Brougham*, 866 F.2d 1276, 1279-80 (10th Cir. 1989). They must show (1) they are members of a protected class, (2) they were qualified to rent the property, (3) they were denied the opportunity to rent or negotiate for rental of the property, and (4) the housing opportunity remained available following their denial. *Id.* at 1280. Additionally, they must show Defendants had a "discriminatory intent" behind their actions. *Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 822 (10th Cir. 1981). A discriminatory intent exists if race was a factor in the decision to no longer rent the property to Plaintiffs; however, race need not be the dominant or sole factor. *See Asbury*, 866 F.2d 1276, 1279 (citing *Steele v. Title Realty Co.*, 478 F.2d 380, 383 (10th Cir. 1973)).

---

[4] The Court notes that the factual assertions within the Plaintiffs' original Complaint [Doc. No. 1] and Amended Complaint vary. As the Amended Complaint does not incorporate the prior Complaint by reference, the Court must consider only the contents of the Amended Complaint because it supersedes the original and becomes the controlling statement of the claim. *Gilles v. U.S.*, 906. F.2d 1386, 1389-90 (10th Cir. 1990).

[5] The events of this proceeding comprised a significant proportion of Plaintiffs' narrative within their Amended Complaint. The Court takes judicial notice of this public record to assist in construing Plaintiffs' pleadings. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Plaintiffs' factual assertions contained in the Complaint do not provide enough information for the Court to make the necessary reasonable inference that the Defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. While Plaintiffs do not state it within their complaint explicitly, the Court may reasonably infer Plaintiffs are members of a protected class. Doc. No. 10 at Att. 1, ¶ 7 ("a stereotype of a black woman, an angry woman."). Likewise, it is reasonable to infer Plaintiffs were qualified to rent the property. Doc. No. 10 at Att. 1, ¶ 7 ("Webb told the judge we were good tenants, no problem."). However, by virtue of the ongoing dispute, Plaintiffs do not and cannot provide factual assertions that the housing opportunity remained available following their denial. As Defendants note, the property remains unavailable because Plaintiffs continue to live there during pendency of the FED Action. [Doc. No. 16 at 7]. Thus, Plaintiffs have not pled a prima facie case of racial discrimination under 42 U.S.C. § 3604(a) of the FHA.

Section 3604(b) makes discrimination in the "terms, conditions, or privileges of sale or rental of a dwelling" unlawful. 42 U.S.C. § 3604(b). To establish a prima facie case of disparate treatment under this section, "[plaintiffs] must show that (1) [they are] a member of a statutorily protected class; and (2) . . . [they were] not provided the same services . . . made available to others giving rise to a reasonable inference of prohibited discrimination." *Delkhah v. Moore*, No. CIV.A. 04-2543-KHV, 2006 WL 1320255, at *5 (D. Kan. May 15, 2006), aff'd, 240 Fed. Appx. 768 (10th Cir. 2007)(unpublished). To support a claim of disparate treatment under the FHA, Plaintiffs must show they were "similarly situated" to other renters and were treated differently on account of their race. *See Caddy v. J.P. Morgan Chase Bank*, 237 Fed.Appx. 343, 347-48 (10th Cir. 2007)(unpublished).

Plaintiffs are closer to satisfying their pleading burden under a section 3604(b) claim, but they still fall short. Plaintiffs do not satisfy the second prong of their prima facie burden at this stage. The Complaint does not offer sufficient facts for the Court to reasonably infer (1) Plaintiffs were similarly situated to their fellow renters or (2) that the services Defendants provided to other neighbors were the same services denied to Plaintiffs. Doc. No. 10 at Att. 1, ¶27 ("[O]ur white neighbors would question repairs and the chargers (sic) would be removed, no non-renewal would be sent."). This statement alone gives no indication that the other renters were similarly situated to Plaintiffs beyond their geographical proximity. No facts alleging that the repairs Plaintiffs and neighbors disputed were similar in nature, severity, cost, or time appear. Without any facts showing the neighbors' circumstances were similar and their treatment was different, Plaintiffs do not nudge their claim across the line from conceivable to plausible. Therefore, Plaintiffs do not properly state a claim under § 3604(b) of the FHA.

Given that Plaintiffs are *pro se* litigants and that it is unclear whether their claims could be precluded[6] or further amendment futile,[7] the Court will permit Plaintiffs to file a proper motion for leave to amend the Complaint on or before October 6, 2023. Plaintiffs' motion must include a proposed amended complaint containing "a short and plain

---

[6] The Court rules that Plaintiffs fail to properly state a claim. Thus, it is currently impossible to determine whether Plaintiffs' claim is precluded. The Court notes that the possibility of claim preclusion remains.

[7] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

statement of the claim showing that [they are] entitled to relief," FED R. CIV. P. 8(a)(2), and stating their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]" FED. R. CIV. P. 10(b). The proposed amended complaint should contain the factual basis for each claim and satisfy the plausibility standard of federal pleading. It may incorporate the factual components of prior complaints by reference. It should also comply with Local Civil Rule 15.1.[8]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss [Doc. No. 16]. Plaintiffs are permitted to file a proper motion for leave to amend on or before October 6, 2023. Should Plaintiff fail to timely seek leave to amend, this case will be dismissed without prejudice.

**IT IS SO ORDERED** this 12th day of September 2023.

David L. Russell
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

[8] *See* "Local Court Rules," https://www.okwd.uscourts.gov/rules-procedures/local-rules/.