IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYEASHIA M. BLACKBURN; and<br>LEZLIE E. FREEMAN,<br><br>          Plaintiffs,<br><br>v.<br><br>KELLY WEBB; RENT KING, LLC,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. CIV-23-379-R<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendants Kelly Webb and Rent King, LLC's Motion to Dismiss [Doc. 25]. Plaintiffs filed a response in opposition [Doc. 26], and the matter is now at issue. Upon consideration of the parties' filings and for the reasons set forth below, the Defendants' Motion is DENIED in part and GRANTED in part.

**I.  Background**

Plaintiffs Blackburn and Freeman appearing *pro se*, allege Defendants violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (2018), Oklahoma Fair Housing Law, OKLA STAT. tit. 25, § 1451 *et seq.* (2013), and the First Amendment, U.S. CONST. amend. I.[1] Defendants move to dismiss Plaintiffs' Amended Complaint [Doc. 24] pursuant to FED. R. CIV. P. 12(b)(6) and 41(b). Additionally, Defendants argue Plaintiffs' claims are precluded by a state court case between the parties.

---

[1] Because Plaintiffs are *pro se* litigants, the Court affords their materials a liberal construction, but it does not act as their advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

Following Defendants' Motion to Dismiss, Plaintiffs filed an Objection [Doc. 26]. Any new factual assertions in that filing cannot be considered by this Court in ruling on a Rule 12(b)(6) motion. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally, the sufficiency of a complaint must rest on its contents alone."). In assessing the sufficiency of the Plaintiffs' allegations, this Court will only examine the contents of the Second Amended Complaint [Doc. No. 24] and the records of the parties' state court case [Doc. 25, Exs. 1-3].[2]

## II.     Legal Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs are not required to establish a prima facie case in their complaint under Rule 12(b)(6), but the elements "help to determine whether [p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). The facts provided by Plaintiffs at the pleading stage must "nudge their claims across the line from conceivable to

---

[2] The Court takes judicial notice of public records to assist in construing Plaintiffs' pleadings and contextualizing the dispute before it. *Id.*; *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Specifically, the Court takes judicial notice of the Forcible Entry and Detainer action in Cleveland County Dist. Ct. (Case No. SC-2022-5298) and the corresponding appeal to the Oklahoma Supreme Court (Case No. DF-121194). The appeal is ongoing as of the date of this Order.

plausible[.]" *Twombly*, 550 U.S. at 570. However, "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

A defendant may move to dismiss an action or claim "[i]f the plaintiff fails to . . . comply with [the Federal Rules] or a court order[.]" FED. R. CIV. P. 41(b). In determining whether to dismiss an action with prejudice under Rule 41(b), a court should consider: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135. 1143 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 922 (10th Cir. 1992)). "[D]ismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective." *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993).

Claim preclusion (also known as *res judicata*) restricts "a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Johnson v. Spencer* 950 F.3d 680, 693 (10th Cir. 2020) (internal quotations omitted). "For claim preclusion to apply, 'three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.'" *Id.* (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017)).

3

### III. Discussion

Plaintiffs allege Defendants racially discriminated against them in violation of § 3604(b) of the FHA and § 1452(A)(2) of the Oklahoma Fair Housing Law. Additionally, Plaintiffs claim Defendants violated their First Amendment rights by retaliating against them after Plaintiffs had exercised their rights to lodge complaints about the landlords. Plaintiffs also appear to lodge a complaint of retaliation in violation of Section 3617 of the FHA. While Plaintiffs do not specifically allege a cause of action under § 3617, the Court construes their Complaint to allege one.[3]

The Court addresses the Plaintiffs' arguments urging dismissal due to FED. R. CIV. P. 41(b) and preclusion before proceeding to the merits of Plaintiffs' Complaint.

*A. Dismissal under Fed. R. Civ. P. 41(b)*

Dismissal with prejudice is an extreme sanction, and it is not warranted here. This Court holds *pro se* litigants' pleadings "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs were ordered to file a motion for leave to amend their complaint [Doc. 23 at 6] and subsequently failed to do so. However, the procedural oversight was neither prejudicial to Defendants nor wasteful of the Court's time. Reviewing the *Ehrenhaus* factors, the Court declines to severely sanction Plaintiffs for an apparent mistake [Doc. 26 at 1]. Furthermore, dismissing

---

[3] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As discussed in Section III(D), the Court finds Plaintiffs state a viable claim of retaliation.

Plaintiffs' case without prejudice would needlessly delay resolution of this case and serve no worthwhile purpose. The Court DENIES Defendants' motion to dismiss Plaintiffs' case pursuant to FED. R. CIV. P. 41(b). [4]

B. *Claim Preclusion due to the Forcible Entry and Detainer case*

There is no merit to Defendants' argument this case is precluded by the case currently before the Oklahoma Supreme Court. A cursory glance at the Forcible Entry and Detainer statutes in Oklahoma reveals a FED proceeding is to have no preclusive effect on a party's other claims. "The district court shall have jurisdiction to try all actions for the forcible entry and detention, or detention only, of real property . . . *but other claims may not be included in the same action.* A judgement in an action brought under this act . . . *shall not be a bar to any other action brought by either party*." OKLA. STAT. tit. 12, § 1148.1 (emphasis added).

The Court finds the plain language of Oklahoma law antithetical to Defendants' arguments. Oklahoma law prohibits Fair Housing Act claims from being heard in FED cases. Defendants' motion to dismiss because of claim preclusion is DENIED.

C. *Fair Housing Act and Oklahoma Fair Housing Law Discrimination Claims*

Section 3604(b) of the FHA makes discrimination in the "terms, conditions, or privileges of sale or rental of a dwelling" unlawful. 42 U.S.C. § 3604(b).[5] To establish a prima facie case of disparate treatment under this section, "[plaintiffs] must show that (1)

---

[4] However, the Court warns Plaintiffs that it will be less willing to forgive procedural failures if they continue to occur.
[5] Section 1452(A)(2) of the Oklahoma Fair Housing Law is substantially identical to this section of the FHA. The Court thus applies the FHA analysis to the state law claim.

[they are] a member of a statutorily protected class; and (2) . . . [they were] not provided the same services . . . made available to others giving rise to a reasonable inference of prohibited discrimination." *Delkhah v. Moore*, No. CIV.A. 04-2543, 2006 WL 1320255, at *5 (D. Kan. May 15, 2006), *aff'd*, 240 Fed. Appx. 768 (10th Cir. 2007) (unpublished). To support a claim of disparate treatment under the FHA, Plaintiffs must show they were "similarly situated" to other renters and were treated differently on account of their race. *See Caddy v. J.P. Morgan Chase Bank*, 237 Fed.Appx. 343, 347-48 (10th Cir. 2007) (unpublished).

Plaintiffs state a plausible § 3604(b) claim. As an initial matter, Plaintiffs allege they are members of a statutorily protected class. Compl. at ¶ 7. ("Our family consists of 3 Black-American females, who are members of the protected class under the [FHA].") Plaintiffs then provide three examples of neighbors who had a similar manner of conflict with Defendants but received disparate treatment. *Id.* Specifically, Plaintiffs allege their complaints about maintenance requests were met with a notice of non-renewal, while the neighbors' complaints were not. *Id.* at ¶ 25. Plaintiffs note these neighbors are white. *Id.* This raises a reasonable inference that the disparate treatment was on account of race.

A potential issue with Plaintiffs' allegations is whether these neighbors were "similarly situated" to the Plaintiffs. The Court determines it is plausible, at this stage of litigation, that Plaintiffs and neighbors were similarly situated with respect to the allegations. The Court looks to Title VII employment discrimination examples to guide its FHA discrimination analysis. *Mountain Side Mobile Estates P'ship v. Sec'y of Hous. & Urban Dev.*, 56 F.3d 1243, 1251 n.7 (10th Cir. 1995). Another court examined Title VII

cases for guidance as to which tenants are similarly situated and determined they are "those who deal with the same management company and are subject to the same standards in connection with their housing." *McDaniel v. N. Range Crossings*, 21-CV-01997, 2023 WL 4872497 at *8 (D. Colo. Feb. 6, 2023), *report and recommendation adopted sub nom. Mcdaniel v. N. Range Crossings, & Dominium Mgmt. LLC*, 21-CV-01997, 2023 WL 4872412 (D. Colo. Feb. 24, 2023). Thus, the Court finds Plaintiffs' allegations their neighbors also dealt with Rent King to suffice at this stage.

Defendants also draw attention to the differences in the neighbors' complaints, distinguishing Plaintiffs' maintenance requests and the neighbors' damages. However, Plaintiffs have alleged they disputed charges to Defendants just like Neighbors A and B did, and instead of receiving renewals of their lease like their neighbors, Plaintiffs received a non-renewal notice.[6] Discovery may reveal the situations to be dissimilar, but Plaintiffs have provided Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93. Defendants' motion to dismiss with respect to both Plaintiffs' FHA and Oklahoma Fair Housing discrimination complaints is DENIED.

D. *Fair Housing Act Retaliation Claim*

Plaintiffs state a plausible claim of retaliation in violation of Section 3617 of the FHA. To state a claim of retaliation, "the plaintiff must show that (1) he was engaged in protected activity; (2) he suffered an adverse action in the form of coercion, intimidation, threats, or interference; and (3) there was a causal link between the two." *Arnal v. Aspen*

---

[6] Neighbor C's situation appears to be less similar, but the issue is not fatal to Plaintiffs' claim.

*View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1187-88 (D. Colo. 2016). "A violation of Section 3617 may be shown even absent other violations of the FHA." *Id.* (citing *Zhu v. Countrywide Realty, Co.*, 165 F.Supp.2d 1181, 1196 (D. Kan. 2001)).

Plaintiffs' Complaint is rife with references to Plaintiffs' protected activity and Defendants' retaliatory actions in response. Plaintiffs allege they understood their initial notice of lease non-renewal was "discrimination and retaliation" and "actions will be taken against [Defendants]." Compl. at ¶ 19. Plaintiffs state they then filed a discrimination and retaliation claim with the Better Business Bureau and the Housing Authority. *Id* at ¶ 24. This constitutes protected activity. Furthermore, they allege Defendant Webb stated, during a Cleveland County FED proceeding, the eviction action was due to Plaintiffs "fil[ing] a discrimination and retaliation complaint against his company . . . and trying to ruin his business." *Id.* at ¶ 28. This allegation depicts a causal relationship between protected activity and adverse action. Plaintiffs then state expressly that Defendants "illegally removed us . . . for . . . filing a discrimination and retaliation complaint against them [] violati[ng] the Fair Housing Act and other laws." *Id.* at ¶ 53. Additionally, Plaintiffs plainly allege they engaged in protected activity, though they misunderstand the protection to come from the First Amendment instead of the Fair Housing Act. *Id.* at ¶ 57. Taking these factual allegations as true, the Court concludes Plaintiffs' Complaint can be reasonably read to allege a valid Fair Housing Act retaliation claim.[7]

---

[7] Plaintiffs' intent to lodge a retaliation claim is further shown by Plaintiffs describing their cause of action as "Fair Housing Act Discrimination & Retaliation" within the Civil Cover Sheet filed with their Complaint on September 27, 2023. [Doc. 24-1].

E. *First Amendment Claim*

The Court finds Plaintiffs have not stated a plausible claim against Defendants for a violation of their First Amendment rights. It is axiomatic that the Amendment's "Free Speech Clause prohibits only *governmental* abridgement of speech. [It] does not prohibit *private* abridgement of speech." *Manhattan Cmty. Access Corp. v. Halleck,* 139 S.Ct. 1921, 1928 (2019). Defendants are not state actors; they are a private entity and an individual that entered a landlord-tenant relationship with Plaintiffs. The First Amendment does not apply to them. Additionally, the limited exceptions wherein a private entity may qualify as a state actor do not apply here. *See id.* Thus, Defendants cannot, as a matter of law, have violated Plaintiffs' First Amendment rights. Plaintiffs' claim is DISMISSED WITH PREJUDICE.

## IV.   Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is partially granted. Plaintiffs' Second Cause of Action arising under the First Amendment is DISMISSED WITH PREJUDICE. All other claims, including a cause of action arising under 42 U.S.C. § 3617 of the Fair Housing Act, may proceed. Accordingly, Defendants' Motion to Dismiss [Doc. 25] is DENIED with respect to all other matters.

**IT IS SO ORDERED** this 1st day of February, 2024.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE