IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYEASHIA M. BLACKBURN; and LEZLIE E. FREEMAN, <br><br>Plaintiffs, <br><br>v. <br><br>KELLY WEBB; RENT KING, LLC, <br><br>Defendants. | ) ) ) ) ) ) ) No. CIV-23-379-R ) ) ) ) ) |

## ORDER

Before the Court is Defendants Kelly Webb and Rent King, LLC Motion to Dismiss with Prejudice [Doc. 33]. The Motion is fully briefed [Docs. 34, 37] and at issue. For the reasons set forth below, Defendants' Motion is GRANTED.

### I.   Background

On May 4th, 2023, Plaintiffs, proceeding *pro se*, filed their original Complaint, asserting federal jurisdiction under the Fair Housing Act [Doc. 1]. On May 26th, 2023, the Court ordered Plaintiffs to file an amended complaint because the original Complaint omitted the signatures of certain named plaintiffs [Doc. 8].

Plaintiffs timely filed their first Amended Complaint [Doc. 10]. Defendants filed their first Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 16], which the Court granted without prejudice and directed Plaintiffs to file a motion for leave to amend [Doc. 23].

1

Without seeking leave to amend, Plaintiffs filed their second Amended Complaint [Doc. 24]. Defendants then filed their second Motion to Dismiss Plaintiffs' Amended Complaint, partially for failing to file a motion for leave to amend prior to filing their Amended Complaint [Doc. 25]. The Court partially granted Defendants' Motion [Doc. 27]. In the portion of the Order addressing involuntary dismissal with prejudice under Fed. R. Civ. P. 41(b) for Plaintiffs' failure to file a motion for leave to amend prior to filing their Amended Complaint, this Court admonished Plaintiffs that it would "be less willing to forgive procedural failures if they continue to occur[]" [Doc. 27, at n. 4].

Having progressed beyond the pleading stage into discovery, the procedural shortcomings began to multiply. Plaintiffs timely sent Defendants their initial disclosures, which did not include any computation of damages [Doc. 33-1].[1] On April 4th, 2024, the Court entered a Scheduling Order [Doc. 31], setting a deadline of August 1st, 2024, for Plaintiffs to file their final witness list and final exhibit list [Doc. 31, at ¶ 5], and a deadline of August 23rd, 2024, for all dispositive motions [Doc. 31, at ¶ 7]. Both deadlines would later be violated by Plaintiffs [Docs. 35, 36].

On June 4th, 2024, Defendants sent Plaintiffs their "First Set of Discovery Requests," coupled with a notice that their responses would be due within 30 days [Doc. 33-2]. On July 9th, 2024, Plaintiffs sent their unverified responses to Defendants' requests, claiming that they were not timely due to issues with email correspondence and file size,

---

[1] With respect to computation of damages, Plaintiffs state: "We are seeking damages, mainly all damages the court deem just. Just need a little more time to get a good understanding of damages we find to be able to recover." [Doc. 33-1, at p.2].

but with assurances that the requested documents would be forthcoming "in several emails or mail" due to file size [Doc. 33-3]. On that same day, Defendants' counsel offered Plaintiffs assistance in complying with their discovery obligations by proposing they put the information on a thumb-drive and Defendants' counsel would pick it up [Doc. 33-4]. On July 23rd, 2024, in response to Plaintiffs' claim that the requested videos were too large to send by email, Defendants' counsel once again offered to assist Plaintiffs in complying with their discovery obligations, this time by offering to send a Dropbox for Plaintiffs to upload the relevant information if a thumb-drive was not possible [Doc. 33-5]. On August 8th, 2024, having still not received relevant documents and videos requested in its discovery requests, Defendants' counsel notified Plaintiffs that they had not received the requested information, and that Plaintiffs needed to produce the information requested and verify their interrogatories [Doc. 33-6]. Plaintiffs did not respond [Doc. 33, at ¶ 24].

On August 16th, 2024, Defendants filed the subject Motion to Dismiss with Prejudice for Plaintiffs' failure to comply with this Court's orders and the Federal Rules of Civil Procedure pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(A), and 41(b) [Doc. 33]. Ten days later, Plaintiffs filed a response brief [Doc. 34], an untimely final witness list and final exhibit list [Doc. 35], and an untimely motion for summary judgment [Doc. 36]. Plaintiffs subsequently filed their "Follow-Up Response and Addition to Motion for Summary Judgment" [Doc. 38], and "Supplement to Reply" [Doc. 39].

Defendants argue that Plaintiffs have committed numerous discovery violations and have failed to comply with this Court's orders such that dismissal under Fed. R. Civ. P. 16(f), 37(b)(2)(A), and 41(b) is warranted.

## II. Legal Standard

"Rule 16(f) 'give[s] courts very broad discretion to use sanctions where necessary to insure…that lawyers and parties…fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'" *Morris v. Berry*, CV-11-456-W, 2012 WL 13168469, at *1 (W.D. Okla. May 8, 2012) (quoting *In re* Baker, 744 F.2d 1438, 1440 (10th Cir. 1984)). Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure allows the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(a)(ii)-(v), if a party or its attorney…fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Under Rule 37(b)(2)(A)(v), the Court may "issue further just orders," including "dismissing the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). Furthermore, pursuant to Rule 41(b), "[i]f the plaintiff fails to…comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it," and in such case—unless within a limited set of exceptions or stated otherwise by the Court—the dismissal will "operate[] as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Any sanction chosen by the Court "must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citing *Ins. Corp. of Ireland v. Campagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Moreover, "[d]ismissal is appropriate only 'when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits.'" *Brewington v. Allied Waste Sys., Inc.*, CV-22-239-PRW, 2023 WL 6048787, at * 1 (W.D. Okla. Sept. 15, 2023) (quoting *Ehrenhaus*, 956 F.2d at 920-21).

Given the severity of involuntary dismissal as a sanction, the following factors must first be evaluated on the record: "'(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process;…(3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus*, 956 F.2d at 921). These same factors are applicable to dismissal as a sanction pursuant to Rules 16(f) and 37(b)(2)(A). *Id.* "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 956 F.2d at 921.

Finally, "although courts afford a pro se litigant's filing some leniency…even pro se litigants are expected to 'follow the same rules of procedure that govern other litigants.'" *Keeler v. Aramark*, 418 Fed.Appx. 787, 791 (10th Cir. 2011) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). Thus, *pro se* litigants such as Plaintiffs "must comply with the Federal Rules of Civil Procedure, the Local Court Rules for the Western District of Oklahoma, and any other governing provisions." *Keepers v. State Farm Mut. Ins. Co.*, CV-17-1221-R, 2017 WL 11448095, at *1 (W.D. Okla. Dec. 4, 2017) (internal citations omitted).

### III.    Discussion

"Dismissal under [41(b)] is appropriate when supported by a pattern of delay and noncompliance." *Morris*, 2012 WL 13168469, at *2. Plaintiffs have committed the following violations of either the Federal Rules of Civil Procedure or an order of this Court:

5

- Plaintiffs violated this Court's order when it failed to file a motion for leave to amend before filing its Amended Complaint [Docs. 23-24].

- Plaintiffs failed to file adequate initial disclosures by omitting a calculation of damages in violation of Fed. R. Civ. P. 26(a)(1)(A)(iii).

- Plaintiffs failed to timely or adequately respond to Defendants' First Set of Discovery Requests when it incompletely responded after more than 30 days in violation of Fed. R. Civ. P. 33(b)(2).

- Plaintiffs failed to verify their responses to interrogatories in violation of Fed. R. Civ. P. 26(g)(1).

- Plaintiffs failed to timely file their final witness list and final exhibit list, filing them on August 26th, 2024, when they were due on August 1st, 2024, in violation of the Scheduling Order [Doc. 31].

- Plaintiffs filed their Motion for Summary Judgment on August 26th, 2024, when the deadline for dispositive motions was set for August 23rd, 2024, in violation of the Scheduling Order [Doc. 31].[2]

Defendants have established a pattern of delay and noncompliance on the part of Plaintiffs. Application of the *Ehrenhaus* factors shows that their requested relief is appropriate.

**A. Actual Prejudice to Defendant**

---

[2] Additionally, it appears that Plaintiffs sought to supplement their Response to Defendants' Motion to Dismiss, as well as their own Motion for Summary Judgment [Docs. 38-39] without leave of court in violation of LCvR7.1(h).

Under *Ehrenhaus*, when considering whether to dismiss a case with prejudice, the first factor to be analyzed is the degree of actual prejudice to the defendant.

In its initial disclosures, Plaintiffs failed to provide a computation of their damages as required by Rule 26, instead stating "We are seeking damages, mainly all damages the court deem just. Just need a little more time to get a good understanding of damages we find to be able to recover" [Doc. 33-1, p. 2].[3] Despite these disclosures being made almost six months ago, damages have yet to be formally computed [Doc. 33, at ¶ 12].[4] This is not for a lack of effort on the part of Defendants. In its "First Set of Discovery Requests" [Doc. 33-2], Defendants requested Plaintiffs to "Explain in detail and with specificity all damages sought in this action" [Doc. 33-2, at p. 6]. In response, Plaintiffs listed the bases for its different damages, but failed to ever compute the damages themselves [Doc. 33-3, at p. 4]. Since March, the only attempts to calculate damages that have been brought to the Court's attention came in Plaintiffs' untimely Motion for Summary Judgment, and in Plaintiff's improper "Follow-Up Response to Defendants Response to Motion to Dismiss and Addition to Summary Judgment" [Docs. 36, at p. 10; 38, at p. 7]. Even then, Plaintiffs acknowledged in their "Follow-Up" filed on September 4th, that "We know we never really

---

[3] "[Rule] 26(a)(1)(A)(iii) requires a party to disclose to its opposing party 'a computation of each category of damages claimed by the disclosing party—who must also make available…the documents or other evidentiary material…on which each computation is based, including materials bearing on the nature and extent of the injuries suffered…'" *Campbell v. CSAA Fire & Cas. Ins. Co.*, CV-19-739-R, 2020 WL 3244010, at *1 (W.D. Okla. June 15, 2020) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)).

[4] "Rule 26(e) also requires a party to 'supplement or correct its [Rule 26] disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…'" *Id.* (quoting Fed. R. Civ. P. 26(e)(1)(A)).

7

ask for a set dollar amount because we didn't know the value" [Doc. 38, at p. 7]. Under Rule 26(a), lack of knowledge due to having not fully investigated the case at the time of initial disclosures is an unacceptable excuse. Fed. R. Civ. P. 26(a)(1)(E).

Moreover, Plaintiffs have consistently failed to provide discoverable responsive documents and media, which has limited Defendants' ability to try their case, prepare for trial, or file dispositive motions by the deadline set forth in the Scheduling Order. For example, in its "First Set of Discovery Requests" [Doc. 33-2], Defendants requested several relevant documents, communications, and media. However, as shown by correspondence between the parties attached to Defendants' Motion to Dismiss, Plaintiffs never turned over these materials, despite assurances that such materials would be provided, and multiple reminders and offered assistance by Defendants' counsel [Docs. 33-5, 33-6].

Thus, the effect of Plaintiffs' repeated and consistent failure to participate in discovery and comply with the Federal Rules of Civil Procedure is that Defendants (1) do not know the calculation of damages Plaintiffs are seeking; and (2) do not possess relevant documents and materials essential to effectively trying this case. In both ways, Plaintiffs' conduct violates a purpose of Rule 16, which is to "prevent surprise during trial." *Morris*, 2012 WL 13168469, at *1

**B. Amount of Interference with the Judicial Process**

As set forth in detail above, Plaintiffs have repeatedly disregarded this Court's orders and the Federal Rules of Civil Procedure from the very beginning of this case. On each occasion, Plaintiffs' willful failure to comply has "flouted the [C]ourt's authority."

*Ehrenhaus*, 965 F.2d at 921. At every turn, this Court showed Plaintiffs patience, as is customary with *pro se* parties. However, their *pro se* status does not excuse failure to comply with the Court's orders or the Federal Rules of Civil Procedure. *See Keepers*, 2017 WL 11448095, at *1 (W.D. Okla. Dec. 4, 2017). Plaintiffs' unexcused failures have burdened this Court's docket with unauthorized and untimely filings, as well as presented the Court with certain and unwelcome delay, contravening a "purpose of Rule 16[,] [which] is to expedite litigation…" *Morris*, 2012 WL 13168469, at *1. Therefore, the second factor is met.

### C. Culpability of Plaintiffs

Plaintiffs argue that the delays and failures to produce are a product of illness, issues with email receipt and delivery, or misremembering of deadlines. These reasons are inadequate.[5] At several junctures of this litigation, Plaintiffs showed the ability to both participate in discovery and file documents that would comply with this Court's orders. However, Plaintiffs failed on numerous occasions to carry out these requirements either within the deadlines set forth by this Court, or in satisfaction of the standards set forth by the Federal Rules of Civil Procedure. Defendants' counsel offered numerous reminders of deadlines and requirements and attempted to facilitate the discovery process. However, Plaintiffs still did not comply. The Court admonished Plaintiffs that it would be less forgiving of procedural failures, but Plaintiffs neither complied nor sought leave. Thus, because Plaintiffs both knew of their responsibilities to follow procedural rules and proved

---

[5] While Defendants point to Plaintiff Blackburn's apparently litigious history, the Court need not—and does not—take this alleged background into consideration.

that they had the capacity to follow said rules, yet critically failed to do so at multiple turns, the third element is met.

### D. Prior Warning by Court

Plaintiffs have been on notice from early in this litigation that a failure to comply with an order of this Court could result in a harsh sanction. The clearest example of this Court's warning is its admonition in its Order partially granting Defendants' Motion to Dismiss [Doc. 27]. As part of its Motion, Defendants requested the Court to dismiss Plaintiffs' claims with prejudice under Rule 41(b) due to its failure to file a motion for leave before filing its first Amended Complaint [Doc. 27, at p. 1]. The Court at that time refused to grant the Motion but stated therein that "the Court warns Plaintiffs that it will be less willing to forgive procedural failures if they continue to occur[]" [Doc. 27, at n. 4]. This warning was given in the context of Defendants' Rule 41(b) Motion.

In *Morris*, the warning given by the Court was less direct ("'the Court expect[ed] compliance by each plaintiff with all future Orders of the Court[]'"). *Morris*, 2012 WL 13168469, at *3 (internal citations omitted). And while the *Morris* Court did not state whether this was a sufficient warning to satisfy this factor, this Court notes that Plaintiffs were on notice of the potential for future sanctions for procedural errors, knew the context of the warning, and willfully violated this Court's orders regardless.

### E. Efficacy of Lesser Sanctions

At this stage of the litigation, the only other sanction that would be reasonable is the prevention of Plaintiffs from presenting witnesses or exhibits at trial due to their failure to

10

timely file their final witness and exhibit list.[6] The effect of this sanction "is tantamount to dismissal" because Plaintiffs cannot establish their claims without the evidence. *Morris*, 2012 WL 13168469, at *3. Thus, only dismissal with prejudice effectively meets the weight of Plaintiffs' repeated violations.

As such, dismissal with prejudice is permitted in this case by Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b), and appropriate here as shown by an application of the *Ehrenhaus* factors.

### IV.    Conclusion

Therefore, Defendants' Motion to Dismiss [Doc. 33] is hereby GRANTED WITH PREJUDICE. Accordingly, Plaintiffs' Motion for Summary Judgment [Doc. 36] is DENIED as moot.

IT IS SO ORDERED this 18th day of September 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] The Scheduling Order directs that "[e]xcept for good cause shown, no witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness was included in the party's filed witness or exhibit list" [Doc. 31, at pp. 1-2]. Plaintiffs have not shown good cause.