UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYEASHIA M. BLACKBURN; and ) <br> LEZLIE E. FREEMAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KELLY WEBB; RENT KING, LLC, ) <br> ) <br> Defendants. ) | No. CIV-23-379-R |

### ORDER

Before the Court is Defendants Kelly Webb and Rent King, LLC's Motion for Attorney's Fees [Doc. 47]. Defendants seek $21,586.33 in attorney's fees from their successful defense against Plaintiffs' First Amendment claim, as well as for the fees incurred due to Plaintiffs' procedural noncompliance that led to the dismissal of their claims in this matter and the time spent preparing the present Motion. Plaintiffs Tyeashia M. Blackburn and Lezlie E. Freeman have responded [Doc. 48], Defendants have replied [Doc. 56], and the matter is now before the Court. For the reasons that follow, the Motion is GRANTED in part and DENIED in part.

### I.    Background

**A. Underlying Litigation**

The facts of the underlying litigation pertinent to the consideration of the present Motion are as follows. Plaintiffs, proceeding pro se and in forma pauperis brought this action against Defendants alleging violations of the Fair Housing Act, state housing laws, and the First Amendment [Doc. 24]. Defendants subsequently filed a Motion to Dismiss

1

[Doc. 25]. The Court granted the Motion in part and denied the Motion in part, allowing the Fair Housing Act claims to proceed, while dismissing the First Amendment claim with prejudice because Defendants are not government actors against whom a First Amendment claim may be brought [Doc. 27, at pp. 5-9].

The Court entered the Scheduling Order for the litigation on April 4, 2024, which directed that trial was to take place in November of 2024, Plaintiffs were to file their final witness and exhibit lists by August 1, 2024, and discovery was to conclude by October 3, 2024 [Doc. 31]. On August 16, 2024, Defendants filed their Motion to Dismiss Plaintiffs' Claims with Prejudice due to Plaintiffs' persistent failure to adhere to orders of this Court and to participate in discovery [Doc. 33]. Defendants' Motion and an inspection of the docket revealed that Plaintiffs had violated either an order, a local rule, or the Federal Rules of Civil Procedure on numerous occasions, including:

- Failing to file a motion for leave to amend before filing their Amended Complaint [Docs. 23-24];
- Failing to file adequate initial disclosures by omitting a calculation of damages in violation of Fed. R. Civ. P. 26(a)(1)(A)(iii);
- Failing to timely or adequately respond to Defendants' First Set of Discovery Requests in violation of Fed. R. Civ. P. 33(b)(2);
- Failing to verify their responses to interrogatories in violation of Fed. R. Civ. P. 26(g)(1);
- Failing to timely file their final witness and exhibit lists by filing them on August 26, 2024, when they were due on August 1, 2024 [Doc. 31].

Additionally, between Plaintiffs' Response to the Motion and Defendants' Reply, Plaintiffs filed an untimely Motion for Summary Judgment [Doc. 36] in violation of the Scheduling Order [Doc. 31]. Accordingly, the Court granted Defendants' Motion with prejudice under and entered judgment [Docs. 42-43].

### B. Defendants' Motion for Attorney's Fees

On September 26, 2024, Defendants filed their Motion for Attorney's Fees [Doc. 47] citing Federal Rules of Civil Procedure 16(f)(2), 37(b)(2)(C), and 54(d)(2), as well as Local Rule 54.2 as support for the award. Defendants seek fees on the following grounds. First, Defendants assert that Plaintiffs' First Amendment claim was frivolous, and thus pursuant to 42 U.S.C. § 1988(b), they are entitled to attorney's fees in the amount of $2,273.33 [Doc. 47 at pp. 3-4]. Next, Defendants claim to be entitled to attorney's fees resulting from Plaintiffs' procedural noncompliance under Federal Rules of Civil Procedure 16(f)(2) and 37(b)(2)(C) in the amount of $15,389.00 [Doc. 47 at pp. 5-6]. Finally, Defendants seek attorney's fees incurred in bringing the present Motion in the amount of $3,924.00 [Doc. 47 at p. 6]. In total Defendants seek $21,586.33.

Plaintiffs responded to the Motion, asserting in pertinent part that their First Amendment claim was not frivolous, that dismissal was not on the merits of the case, that Defendants did not suffer undue prejudice, and that the Court should consider Plaintiffs' circumstances including both health and inexperience [Doc. 48]. Defendants filed their Reply which focused on the alleged frivolousness of Plaintiffs' First Amendment claim and that the dismissal of Plaintiffs' claims acted as an adjudication on the merits [Doc. 56].

## II. Discussion

The Court's first inquiry in determining whether to grant or deny Defendants' Motion is whether the awarding of attorney's fees is proper in this case. To make this determination, the Court examines each basis for fees listed by Defendant in turn.

### A. First Amendment—42 U.S.C. § 1988(b)

In support of their first basis for fees, Defendants point to 42 U.S.C. § 1988(b). The relevant portion of the statute reads as follows:

> In any action or proceeding to enforce a provision of sections…1983…of this title…the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs[.]

42 U.S.C. § 1988(b).[1]

This fee-shifting provision serves two competing purposes. On one hand, the United States Supreme Court has stated that "the purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citing H.R.Rep. No. 94-1558, p. 1(1976)). On the other hand, the Supreme Court has also announced that "[i]n enacting § 1988, we stated, Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis.'" *Fox v. Vice*, 563 U.S. 826, 833 (2011) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Thus, § 1988(b) applies to both prevailing plaintiffs and prevailing

---

[1] While Plaintiffs did not explicitly assert their First Amendment claim under 42 U.S.C. § 1983, Defendants appear to interpret, as does this Court, that the claim must arise under the statute because Plaintiffs brought a civil action against Defendants for an alleged deprivation of their First Amendment rights.

4

defendants, however, courts do not apply the fee-shifting provision to them in the same manner.

For example, whereas "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust[,]" *Hensley*, 461 U.S. at 429 (internal citations and quotation marks omitted), a "prevailing defendant[] [is] only to be awarded attorney's fees when the plaintiff's claim is 'frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so.'" *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005) (quoting *Christiansburg Garment Co.*, 434 U.S. at 422). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2001) (discussing a similar standard set forth in *Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998)). Moreover, while attorney's fees are available under the statue, "the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case." *Tang v. State of R.I., Dep't of Elderly Affairs*, 163 F.3d 7, 15 (1st Cir. 1998).

As can be seen, while the default is for a prevailing plaintiff to reap the fee-shifting benefits of § 1988, a prevailing defendant must show more. A mandatory prerequisite to the availability—but not entitlement[2]—of attorney's fees for a prevailing defendant is establishing that the plaintiff's claim was frivolous. *See Christiansburg*, 434 U.S. at 422.

---

[2] *See Tang*, 163 F.3d at 15 ("In using 'entitled,' we did not intend to require district courts to grant fee requests once frivolity has been established. Rather, we intended to state that the finding of frivolity was a necessary prerequisite.").

5

Defendants argue that this standard is met because Plaintiffs' First Amendment claim was meritless [Doc. 47 at p. 4]. Plaintiffs argue that because the Court did not determine that the claim was frivolous at the time it was dismissed, it should not do so now, and further that the claim was a product of misunderstanding of legal standards rather than frivolity [Doc. 48]. While the Court finds that Plaintiffs' First Amendment claim was meritless, it places significant weight on Plaintiffs' *pro se* status in considering whether the claim was *sufficiently* frivolous to justify the award of attorney's fees.

The Court notes that "an unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). However, Plaintiffs' claim did not suffer from a "subtle" deficiency. As Defendants correctly argue, Plaintiffs could never assert a viable First Amendment claim against them because they are not state actors. While the Court did not declare the claim to be frivolous at the time, it did recognize that it could not survive on any legal grounds as evidenced by the dismissal with prejudice to refiling—that is, no amendment to the pleading could make the claim viable. Accordingly, the Court finds the claim to be sufficiently frivolous and that Defendants should recover attorney's fees under § 1988.

### B. Procedural Noncompliance—Fed. R. Civ. P. 16(f)(2), 37(b)(2)(C)

Defendants next seek fees for Plaintiffs' noncompliance pursuant to Federal Rules of Civil Procedure 16(f)(2) and 37(b)(2)(C). Defendants assert that these provisions require the Court to award them attorney's fees. Rule 16(f)(2) reads:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the

6

> noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Similarly, Rule 37(b)(2)(C) states:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P 37(b)(2)(C). Both provisions require an award of fees unless "other circumstances make an award of expenses unjust."

Another court in this district recently undertook an analogous inquiry. In *Mays v. Forsythe*, No. CIV-21-877-G, 2023 WL 6307979 (W.D. Okla. June 23, 2023); *report and recommendation adopted*, *Mays v. Grady Cnty. Jail*, No. CIV-21-877-G, 2023 WL 6301658 (W.D. Okla. Sep. 27, 2023), the plaintiff proceeding *pro se* and *in forma pauperis* repeatedly failed to comply with court orders, local rules, and the Federal Rules of Civil Procedure. *Id*. at *2-*4. Accordingly, the defendants moved for sanctions under Rule 37(b)(2)(A). *Id*. at *4. United States Magistrate Judge Gary M. Purcell evaluated the plaintiff's noncompliance utilizing the *Ehrenhaus* factors just as this Court did in its Order granting Defendants' Motion to Dismiss with prejudice [Doc. 42 at pp. 6-11]. *Id*. at *5-*6. In reaching the conclusion that dismissal with prejudice was proper, Judge Purcell considered the fifth *Ehrenhaus* factor, which is the "efficacy of other sanctions." *Id*. at *6. He considered the efficacy of the awarding of attorney's fees under Rule 37(b)(2)(C) as an alternative to dismissal with prejudice and determined that: (1) "ordering Plaintiff to pay attorneys fees and/or expenses resulting from his repeated noncompliance is unlikely to

7

have any effect as Plaintiff is proceeding in forma pauperis in this matter and not likely able to do so[;]" and (2) that "'these circumstances make an award of expenses [resulting from Plaintiff's noncompliance] unjust.'" *Id*. at *6, n.4 (citing *Gutierrez v. Uni Trans, L.L.C.*, Civ. No. 21-73-KWR/SCY, 2023 WL 3815086, at *9 (D. N.M. June 5, 2023)). The plaintiff's claims were dismissed with prejudice and no attorney's fees were awarded. *Id*. at 6.

    Like the plaintiff in *Mays*, Plaintiffs are proceeding *pro se* and *in forma pauperis*. Similar to Judge Purcell, the Court finds that the award of attorney's fees against paupers lacks a level of practical effect given their likely inability to pay. However, the Court also does not find that the award would be unjust simply because of Plaintiffs' status as *pro se* paupers. The filing of a claim without counsel and without the prepayment of costs does not shield a plaintiff from sanctions that may come with noncompliance. Moreover, while the Court deemed that the sanction of fees was not a more efficacious remedy than dismissal with prejudice, the decision was based largely upon the practical effect of the harm caused by the noncompliance. The failure to comply with discovery up to and including the failure to file a timely witness and exhibit list carried with it the inevitable delay of trial had the claim been allowed to continue. At that stage of the litigation, the sanction of fees would do nothing to change this fact. Accordingly, the Court issued the harshest sanction possible—dismissal with prejudice—because fees did not meet the weight and consequences of the noncompliance. However, as Rules 16(f) and 37(b) state, the award of fees is "in addition" to other sanctions. Thus, the fact that fees were not awarded then does not preclude the Court from doing so now.

The imposition of fees is mandatory upon the Court unless it would be unjust to do so. Similar to the analysis above, the fact that Plaintiffs are *pro se* paupers does not preclude them from being sanctioned with fees. Additionally, given that the failures did result in unnecessary costs by Defendants, it would be unjust to allow the additional burdens to go uncompensated. Accordingly, the Court finds that the imposition of attorney's fees for Plaintiffs' procedural noncompliance is proper.

### III. Lodestar Calculation

Having determined that attorney's fees are available under both § 1988 and Fed. R. Civ. P. 16(f) and 37(b), the Court must conduct a lodestar analysis to decide the reasonable amount of fees, if any, to award.

"The 'lodestar method' is the accepted analysis for determining a reasonable fee amount for a prevailing party in federal court." *Kerner v. City and Cty. Of Denver*, 733 F. App'x 934, 936 (10th Cir. 2018) (internal citations omitted). "A court will generally determine what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome." *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997) (internal citations omitted). "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal…all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty. Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal citations omitted). Accordingly, "[a] district court is justified in reducing the

reasonable number of hours if the attorney's time records are 'sloppy or imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id*. "The district court may also reduce the reasonable hours awarded 'if the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative.'" *Id*. (quoting *Carter v. Sedgwick Cnty., Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)). In making its determination, the Court notes that "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Id*. (internal citations and quotation marks omitted).

In their Motion, Defendants' counsel claims to have spent 7.37 hours defending Plaintiffs' First Amendment claim at an hourly rate of $308.46. Additionally, Defendants' counsel estimates having spent 43.6 hours that would not have otherwise been incurred but for Plaintiffs' procedural noncompliance at an hourly rate of $352.00, as well as 10.9 hours in preparing the Motion. Defendants' counsel submitted a bill of costs in accordance with LCvR54.2.

Beginning with fees incurred because of Plaintiffs' frivolous First Amendment claim, the Court finds that it cannot reasonably or fairly determine the actual amount of time spent on the issue by Defendants' counsel. The contemporaneous billing entries do not specify the time spent on the First Amendment claim specifically. To compensate, Defendants' counsel handwrites "FA" next to entries that purport to be time spent on the First Amendment claim. This does not meet the standard of a "meticulous, contemporaneous" record and is by definition "imprecise." If the Court were to award the

10

fees requested based on these records, it would be absorbing Defendants' burden of establishing its reasonable time and expenses as well as imposing a cost upon Plaintiffs that it could not accurately calculate based on the contemporaneous billing entries. Thus, while attorney's fees are warranted in this action under § 1988 for Plaintiffs' frivolous First Amendment claim, Defendants' counsel's contemporary billing entries are not sufficiently meticulous for the Court to award the fees requested. Accordingly, the Court declines to award attorney's fees under § 1988.

Moving to the costs incurred due to Plaintiffs' procedural noncompliance, the Court interprets Defendants' Motion as seeking fees directly caused by the noncompliance, which includes the fees incurred preparing the present Motion. As such, the Court considers the requests together. In doing so, the Court again takes issue with several Defendants' counsel's contemporaneous billing entries. In some cases, there are activities that would qualify for a fee award in the same entry as activities that would not. Similar to the above, these entries lack precision sufficient to award fees. Moreover, certain activities listed were not undertaken "because of" nor were they "caused by" the noncompliance, but rather are activities that would have been undertaken regardless (i.e. client correspondence and reading documents/court orders) or were unnecessary. These entries, like those that lack precise contemporaneous accounting are disregarded in the Court's calculation.

Taking only those times that were (1) meticulously and contemporaneously listed; (2) caused by or undertaken because of Plaintiffs' noncompliance; and (3) reasonably spent by an attorney of the requisite skill level and experience, the Court finds that the reasonable amount of time spent was 21.3 hours. The Court additionally finds that an hourly rate of

11

$352.00 is reasonable. Thus, the initial lodestar calculation before adjustments is $7,497.60.

In determining whether any adjustments to the lodestar amount are proper, the Court considers Plaintiffs' *pro se* status, inexperience, multiple health issues, and the prior sanction of dismissal with prejudice as relevant factors to the final award amount. Moreover, the Court considers the lack of complexity involved in this litigation and skill required to achieve the outcome obtained. Finally, the Court considers Plaintiffs' *in forma pauperis* status and ability to reasonably pay an award of fees granted herein.

Having taken all of these factors into account, as well as the individual nuances of this litigation, the Court finds that a 30% reduction to the lodestar amount adequately reflects the above considerations. While Defendants undertook costs as a direct result of Plaintiffs' procedural noncompliance, they did receive an expedient final judgment of the action through the dismissal with prejudice. Additionally, Plaintiffs' noncompliance was largely a product of their *pro se* status and lack of training, which while willful, was not malicious or an attempt at procedural fencing. Lastly, a reduction to the lodestar amount in this case increases the realistic likelihood that the *in forma pauperis* Plaintiffs will actually be able to pay an award granted. Accordingly, the Court awards Defendants $5,248.32 for Plaintiffs' procedural noncompliance.

### IV.    Conclusion

The Court DENIES Defendants' Motion as to Plaintiffs' frivolous First Amendment claim due to a lack of meticulous contemporaneous billing entries. The Court GRANTS

Defendants' Motion pertaining to Plaintiffs' procedural noncompliance and finds that Defendants are entitled to $5,248.32 in reasonable attorney's fees.

IT IS SO ORDERED this 29th day of October, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE